IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-3379

SAMUEL WALKER and MARY WALKER,

Plaintiffs,

v.

GOLDCOAST LOGISTICS GROUP, INC., DMG CONSULTING & DEVELOPMENT INC., d/b/a GOLDCOAST LOGISTICS GROUP and CHRISTOPHER A. THREADGILL

Defendants.

---

## COMPLAINT
---

Plaintiffs, by and through their undersigned counsel, for their Complaint against the Defendants, Goldcoast Logistics Group, Inc., DMG Consulting & Development Inc., d/b/a Goldcoast Logistics Group and Christopher A. Threadgill, state and allege as follows:

### GENERAL FACTUAL ALLEGATIONS

1. At all times relevant to this action, Plaintiffs, Samuel and Mary Walker, are citizens of and have resided in the State of New Mexico.

2. Defendants, Goldcoast Logistics Group, Inc., DMG Consulting & Development Inc., d/b/a Goldcoast Logistics Group, (hereinafter "Goldcoast") are Illinois Foreign Corporations with principal offices located at 2130 Point Blvd., Suite 100, Elgin, IL 60123. Their agent for service is Dragos Sprinceana, 1317 Howard St., Elk Grove Village, IL 60007.

3. Defendant, Christopher A. Threadgill, is a Texas citizen and resident, residing at 8614 Opalwood Ct., Humble, Texas 77338.

Complaint                                                                Page **1** of **6**

4.      Jurisdiction is proper based on diversity under 28 U.S.C. §1332 because Plaintiffs are citizens of New Mexico, a different state than all of the Defendants' states of citizenship, and the aggregate amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## FIRST CLAIM FOR RELIEF
### (Negligence of Threadgill)

5.      The tort(s) occurred on January 22, 2019, while Plaintiff Samuel Walker was driving on State Highway 491 at milepoint 039.90 in Cortez, Colorado and inexperienced Defendant Threadgill operating Goldcoast's tractor trailer, at an unsafe speed, crossed the highway's centerline and jackknifed into Samuel Walker's lane causing a collision and significant damages. Defendant Threadgill was negligent in his operation of the tractor trailer.

6.      At all times relevant hereto, Plaintiff Samuel Walker's conduct did not cause, nor contribute to, the collision and therefore, Plaintiffs were not comparatively negligent in causing or contributing to his injuries.

7.      As a direct and proximate result of the negligence and carelessness of this Defendant, Plaintiffs sustained serious and permanent injuries and damages as set forth below and seeks recovery for all such damages.

## SECOND CLAIM FOR RELIEF
### (Respondeat Superior)

8.      Plaintiffs incorporates verbatim all prior allegations.

9.      Defendant Threadgill was acting as an agent, employee and/or representative of Defendants, Goldcoast, who is therefore liable to Plaintiffs for the acts and/or omissions complained of herein under the doctrine of respondeat superior.

### THIRD CLAIM FOR RELIEF
#### (Negligence of Goldcoast)

10.    Plaintiffs incorporates verbatim all prior allegations.

11.    Defendants, Goldcoast is also directly negligent for its entrustment, hiring, supervision, and training of the inexperienced Threadgill.

12.    The investigating officer's investigation indicated the most apparent human contributing factor was Threadgill's inexperience.

13.    At the time of the collision, the blacktop surface and roadway markings were not visible; white-out visibility conditions were present, along with strong winds and icy conditions. Given such conditions Goldcoast should have supervised, instructed, and/or trained its drivers to avoid the dangerous conditions.  Goldcoast was negligent for not doing so.  Given, Threadgill's lack of experience, Goldcoast was negligent in failing to properly train its drivers for foreseeable winter conditions.

14.    At all times relevant hereto, Plaintiff Samuel Walker's conduct did not cause, nor contribute to, the collision and therefore, Plaintiffs were not comparatively negligent in causing or contributing to his injuries.

15.    As a direct and proximate result of the negligence and carelessness of this Defendant, Plaintiffs sustained serious and permanent injuries and damages as set forth below and seeks recovery for all such damages.

### FOURTH CLAIM FOR RELIEF
#### (*Negligence Per Se* – Exceeded Safe/Posted Speed)

16.    Plaintiffs incorporates verbatim all prior allegations.

17.    Defendants committed various acts of negligence in violation of Colorado statutes

designed to protect Plaintiffs and those similarly situated from the type of harm that occurred when statutes are violated.  Specifically, in operating the tractor trailer at an excessive rate of speed, Defendants acted in violation of Colorado Revised Statutes Title 42, Vehicles and Traffic §42-4-1101, committing a class A traffic infraction, which acts or omissions constituted negligence per se.  At trial, Plaintiffs will seek instructions on such a statutory violation.

18.     At all times relevant hereto, Plaintiff Samuel Walker's conduct did not cause, nor contribute to, the collision and therefore, Plaintiffs were not comparatively negligent in causing or contributing to his injuries.

19.     As a direct and proximate result of the negligence per se of Defendants, Plaintiffs sustained serious and permanent injuries and damages as set forth below and seeks recovery for all such damages.

**FIFTH CLAIM FOR RELIEF**
**(Loss of Consortium)**

20.     Plaintiffs incorporates verbatim all prior allegations.

21.     Plaintiff Mary Walker is Plaintiff Samuel Walker's spouse. She has, as a direct result of the actionable wrongs alleged against Defendants, and as a direct result of the injuries to Samuel Walker, experienced herself the loss of affection society companionship and household services occasioned by the injuries to Samuel Walker. She has borne and will in the future experience the loss of support and companionship and other general and special consortium damages, all as a result of the injuries to her husband, Samuel Walker, and all according to proof at trial.

## DAMAGES

22. Due to the Defendants' failures and negligence, Plaintiff Samuel Walker received a traumatic brain injury, among other injuries.

23. The injuries sustained by Plaintiffs, and the treatment he was forced to undergo, entitles Plaintiffs to recover from Defendants for both economic and non-economic damages, including, but not limited to, reasonable and necessary medical and rehabilitation expenses related to the aforementioned injuries as well as for his pain and suffering, mental anguish, his loss of enjoyment of life, his duties performed under duress, permanent impairment, and her lost of consortium and household services. The exact amount of Plaintiffs damages and losses, in all categories, will be established at trial.

24. Plaintiff Samuel Walker has been unable to return to work since the crash and additionally seeks his lost wages and lost earning capacity.

WHEREFORE, Plaintiffs respectfully requests this Court enter judgment against Defendants for all general damages, special damages, statutory damages, attorneys' fees as permitted by law, statutory and necessary costs, and expenses including, but not limited to, costs and expenses incurred, or to be incurred, regarding expert witness fees and the investigation and discovery required to present including, but not limited to:

a. Reasonable medical care and expenses in the past.  Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the torts raised herein and such charges were the usual, reasonable and customary charges for such services in the locales where rendered;

b. Reasonable and necessary future medical care and expenses;

Complaint                                                                 Page **5** of **6**

c.  Physical pain and suffering in the past;

d.  Mental anguish in the past;

e.  Physical pain and suffering in the future;

f.  Mental anguish in the future;

g.  Impairment in the past;

h.  Impairment in the future;

i.  Loss of Enjoyment of life past and future;

j.  Loss of household services;

k.  Loss of consortium;

l.  Costs of Court;

m.  Interest to the fullest extent provided by law, including pre- and post-judgment interest pursuant to CRS §§ 13-21-101 and 5-12-102; and

n.  For such other and further relief as this Court deems just and proper.


Respectfully submitted this Thursday, December 16, 2021.


By      */s/ Chris Cowan*
Robert Christopher Cowan, #48434
Margaret E. Foley, #40960
DOWNS, MCDONOUGH COWAN & FOLEY, LLC
2051 Main Avenue
Durango, CO 81301-4645
970-247-8020
970-247-8877 (fax)
chris@swcolaw.com
meg@swcolaw.com

**Attorneys for Plaintiffs**


Complaint                                                                                           Page **6** of **6**